Violet S. Callander, demandante y apelante, *v.* White Star Bus Line, Inc., demandada y apelada.

Núm. 8039.—*Sometido:* Mayo 1, 1940. *Resuelto:* Junio 28, 1940.

*F. M. Susoni, Jr.,* abogado de la apelante; *Celestino Iriarte, F. Fernández Cuyar, H. González Blanes* y *F. Alvarado, Jr.,* abogados de la apelada.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Los hechos de este caso, tomados más o menos de la opinión de la corte inferior, fueron como sigue:

La demandada White Star Bus Line, Inc., es una corporación de servicio público que se dedica al transporte de pasajeros por autobuses entre San Juan y Río Piedras; allá para el 10 de junio, 1936, la demandante, Violet S. Callander, montó en una de las referidas guaguas que iba hacia Santurce. En la parada 12 el vehículo se detuvo para descargar pasajeros. La demandante se levantó del asiento delantero, donde iba sentada, y después de pagar su pasaje se disponía a desmontarse del vehículo. Dos pasajeros se apearon antes que ella. Cuando estaba en la plataforma delantera del autobús, el chófer echó a caminar el vehículo, parando casi en seguida después de andar unos 5 ó 6 pies. Esta parada súbita ocasionó una sacudida que lanzó a la demandante contra la barra que sostiene el receptáculo donde se deposita el importe del pasaje. Alega la demandante que al chocar contra esta barra sufrió contusiones por las cuales reclama la suma de $25,000 como daños y perjuicios sufridos. Entonces la corte inferior procede a revisar la jurisprudencia.

La corte de distrito decide correctamente, a nuestro juicio, que de ordinario un tranvía o autobús no es responsable de los accidentes causados por impactos o sacudidas leves cuando el pasajero se encuentra a salvo dentro del vehículo. En otras palabras, no existe responsabilidad cuando la sacudida o impacto son normales. La corte dice, sin embargo, que la regla está sujeta a notables excepciones cuando el vehículo se ha detenido, un pasajero está próximo a desmontarse, y el vehículo inicia su marcha nuevamente sin dar al pasajero la debida oportunidad de bajarse, citando

los casos de *Virginia Public Service Co.* v. *Silver,* 68 F. (2d) 230, *Walters* v. *City Railway,* 179 (Ia.) N. W. 865, *Kentucky* v. *Pell,* 214 (Ky.) S. W. 874, y otros.

■ Luego de ocurrido el accidente, la demandante bajó por sí misma. De momento, según la corte, ella no le dió importancia a lo sucedido. Nada dijo al conductor y no presentó queja alguna. Después de transcurrir como una hora ella fué a ver al Sr. Arcelay, y finalmente llegó a la oficina del Dr. Reyes, médico de la corporación demandada. El Dr. Reyes fué cuidadosamente examinado por ambas partes y declaró que cuando la demandante fué a verle ella no sufría de graves lesiones. La demandante declaró que era enfermera graduada, que recibía como $150 de su profesión, y que desde que ocurrió el accidente, y con motivo de las lesiones recibidas y de la conmoción nerviosa *(shock),* a ella no le era posible seguir trabajando. Esto, en unión a muchos otros detalles, entre los que mostraba un guante que se había roto en el accidente, le servía de guía para fijar el alcance de las lesiones.

La corte resolvió que considerada la prueba en conjunto, especialmente la declaración del Dr. Reyes, que asistió a la Srta. Callander inmediatamente después del accidente, la demandante no había sufrido mayores daños. La corte dijo que el Dr. Reyes le merecía crédito y fijó los daños en la suma de $100. La demandante apeló.

El letrado de la apelante alega que el testimonio de ésta, que según él no ha sido seriamente controvertido, demuestra que hubo mayores daños; que la declaración de la demandante está corroborada por la del Dr. Biascoechea, a quien la corte ni siquiera se refiere en su opinión.

La demandante manifestó también en el curso de su declaración que tuvo muchas dificultades para ver al Dr. Reyes. Hubo evidentemente un fuerte conflicto entre la declaración del Dr. Reyes y la del Dr. Biascoechea, mas como la corte inferior dice que ella creyó enteramente la declaración del

Dr. Reyes, no hallamos en los autos lo suficiente para alterar la conclusión a que llegó.

Con mucha frecuencia hemos resuelto que la opinión de la corte inferior debe subsistir en tales casos a menos que se nos convenza de que ha existido pasión, parcialidad, prejuicio o error grave.

La apelante también se queja de que la corte no le concediera suma alguna en concepto de honorarios de abogado. La demandada fué a juicio aparentemente sin tener conocimiento de cómo ni cuándo ocurrió el accidente. Sin embargo, dadas todas las circunstancias y lo extravagante de la reclamación, creemos que la corte inferior estuvo justificada al no conceder honorarios de abogado.

*Debe confirmarse la sentencia apelada.*